Edward R. Litwin SB#: 57635
Christina H. Lee SB#: 230883
Litwin & Associates, A Law Corporation
1435 Huntington Ave., Suite 336
South San Francisco, CA  94080
(650) 588-7100 (t) (650) 588-4302 (f)


Attorney for Plaintiff


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| Fariba Sepehri | ) | Civil No. |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S ORIGINAL COMPLAINT |
| | ) | FOR WRIT IN THE NATURE OF |
| -vs- | ) | MANDAMUS |
| | ) | |
| Michael Chertoff, Secretary | ) | |
| | ) | |
| Emilio T. Gonzalez, Director, USCIS | ) | "Immigration Case" |
| | ) | |
| Rosemary Melville, District Director | ) | |
| | ) | |
| Frank Siciliano, Field Office Director | ) | CIS NO.    A070-365-468 |
| | ) | |
| Department of Homeland Security; | ) | |
| | ) | |
| Robert S. Mueller, Director | ) | |
| | ) | |
| Federal Bureau of Investigations | ) | |
| | ) | |
| Defendants. | ) | |


COMES NOW Fariba Sepehri, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1.    This action is brought against the Defendants to compel action on Form I-485, Application to Register Permanent Resident or Adjust Status properly filed by the Plaintiff.  The application remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to the Plaintiff's detriment.


COMPLAINT                              1

PARTIES

2.      Plaintiff Fariba Sepehri is a 41-year-old citizen of Iran.  Her US citizen brother filed an I-130 visa petition for her on October 15, 1991, and it was approved on February 3, 1992.  She filed for her lawful permanent residency on September 25, 2003.

3.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS) and this action is brought against him in his official capacity.  He is generally charged with enforcement of the Immigration and Nationality Act (the Act) and is further authorized to delegate such powers and authority to subordinate employees of the DHS.  8 CFR §2.1.

4.      Defendant Emilio T. Gonzalez is the Director of Citizenship and Immigration Services (CIS), an agency within the DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision, and this action is brought against him in his official capacity. Defendant Emilio T. Gonzalez is generally charged with the overall administration of benefits and immigration services. 8 CFR §100.2(a).

5.      Defendant Rosemary Melville is the District Director of the San Francisco District of the CIS, and this action is brought against her in her official capacity.  Defendant Rosemary Melville is generally charged with administration and enforcement of the Act and all other laws relating to immigration and naturalization within her assigned geographic area.  8 C.F.R. § 100.2(d)(2)(ii).

6.      Defendant Frank Siciliano is the Field Office Director of the San Jose sub-office and this action is brought against him in his official capacity.  Defendant Frank Siciliano is an official of the CIS charged with supervisory authority over operations of the San Jose sub-office.  Defendant Frank Siciliano is the official with whom Plaintiff's application for adjustment of status continues to pend.  8 CFR §100.2(d)(2)(ii), 8 CFR §100.4(c)(1), and 8 CFR §103.1(b).

COMPLAINT                                    2

7.     Defendant Robert S. Mueller is the Director of the Federal Bureau of Investigations (FBI) and this action is brought against him in his official capacity.  Defendant Robert S. Mueller is the head of the FBI, an agency charged with duties such as conducting investigations regarding official matters under the control of the Department of Justice and the Department of State as may be directed by the Attorney General.  28 USC § 533.

## JURISDICTION

8.     The Court has jurisdiction of this action pursuant to 28 USC §§1331 and 1361, the Administrative Procedures Act of 5 USC § 555(b), 5 USC §701 *et seq*., and 28 USC §2201 *et seq*. Relief is requested pursuant to said statutes.

## INTRADISTRICT ASSIGNMENT

9.     Pursuant to Civil L.R. 3-2(d), since the Plaintiff resides in Santa Clara County, assignment shall be to the San Jose Division.

## VENUE

10.    Venue is proper in this court, pursuant to 28 USC §1391(e)(3), in that this is an action against officers and agencies of the United States in his official capacities, brought in the District where the Plaintiff resides if no real property is involved in the action.  Specifically, Plaintiff resides at 1411 Saratoga Avenue #262, San Jose, California, and no real property is involved in the instant action.

## EXHAUSTION OF REMEDIES

11.    Plaintiff has exhausted her administrative remedies.  Plaintiff has made numerous inquiries concerning the status of her application to no avail.

## CAUSE OF ACTION

12.    All legal prerequisites having been satisfied, Plaintiff applied for adjustment of status to lawful permanent resident with the US Citizenship and Immigration Service (USCIS) on September 25, 2003.

COMPLAINT                                    3

13.    On November 22, 2003, Plaintiff Sepehri had her fingerprints taken at the USCIS.

14.    On or about May 25, 2004, Plaintiff Sepehri received an interview notice scheduled for June 16, 2004 at the USCIS office in Santa Ana, California.  Plaintiff Sepehri attended her adjustment of status interview on the required date.

15.    In July 2004, Plaintiff Sepehri moved to San Jose, California.  She submitted the required change of address forms to the USCIS.

16.    On August 10, 2004, Plaintiff Sepehri received a letter from the Santa Ana USCIS stating that her case was transferred to San Francisco, California.

17.    On or about October 18, 2004, Plaintiff Sepehri received another interview notice for November 10, 2004, at the USCIS in San Jose, California.  Plaintiff Sepehri attended her second interview on the required date at the San Jose USCIS.

18.    On or about February 14, 2005, Plaintiff Sepehri received a letter from the Adjustment Unit in San Jose, stating that the Plaintiff's "final background check has been initiated; however, as of 2/14/2005, it is still pending."

19.    On June 29, 2006, Plaintiff Sepehri sent a letter to the San Jose USCIS regarding her application for adjustment of status.  She also requested assistance and information on how she could obtain travel documents.

20.    On or about July 11, 2006, the USCIS sent a letter to the Plaintiff stating that, "[t]he processing of your case has been delayed.  A check of our records establishes that your case is not yet ready for decision, as the required investigation into your name check remains open."

21.    On September 26, 2006, Plaintiff Sepehri sent a letter to Michael Chertoff, Secretary of the Department of Homeland Security, requesting a status update on her case.

22.    On October 17, 2006, the Plaintiff contacted the USCIS by phone and requested an update on her application.  On or about October 17, 2006, the USCIS responded by letter stating that [t]he

COMPLAINT                                4

processing of your case has been delayed.  A check of our records establishes that your case yet ready for decision, as the required investigation into your name check remains open."

23.    On or about October 20, 2006, Michael Chertoff's office responded to Plaintiff Sepehri's letter of September 26, 2006.  The letter indicated that the Plaintiff's case was yet ready for a decision as the "required investigation into the background remains open," and the USCIS cannot move forward on her case until the investigation is completed.

24.    In October 2006, Plaintiff Sepehri contacted Congressman Mike Honda's office requesting his assistance on her case.  On or about October 26, 2006, Congressman Honda responded to the Plaintiff's request and stated that his office made an inquiry with the FBI on her behalf.

25.    On or about February 1, 2007, Congressman Honda notified the Plaintiff that he received a response from the USCIS.  He stated that the USCIS had received the results of the Plaintiff's name check from the FBI, and that the results were to be reviewed by an immigration officer.  Congressman Honda was unable to give the Plaintiff a time frame but stated that he was told that the Plaintiff's application would receive full consideration under the current law, and that the USCIS will make contact in the future regarding the status of the Plaintiff's application.

26.    On May 4, 2007, Plaintiff Sepehri sent another letter to Secretary Chertoff requesting an update on her case.  On or about May 30, 2007, the Plaintiff received a letter from Secretary Chertoff stating that her letter had been forwarded to the USCIS Customer Assistance Office for a response.  The letter also indicated that "[t]he processing of your case has been delayed.  A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open."  The letter included form AR-11, Alien's Change of Address Card, and Form I-131, Application for Travel Document.

27.    Plaintiff's application for adjustment of status has now remained unadjudicated for almost 3 years and ten months from the date of initial filing.

COMPLAINT                                    5

28.    Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements.  To date, said application has not been adjudicated.

29.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.  Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application, thereby depriving the Plaintiff the right to a decision on her status and the peace of mind to which Plaintiff is entitled.

30.    The USCIS Defendants requested the Federal Bureau of Investigation, or other Federal agencies unknown to the Plaintiff, to complete and verify security checks with regard to Plaintiff Sepehri. Defendant Director Mueller and unknown officers and officials under their direction and control have failed and refused to complete such security checks as required under Executive Order 10450.

31.    The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 et seq., are unlawfully withholding or unreasonably delaying action of Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

32.    The Plaintiff has been damaged by the failure of Defendants to act in accordance with their duties under the law.

(a)    The Plaintiff has been further damaged in that her employment authorization is tied to her status as an applicant for permanent residency, and is limited to increments not to exceed one year. 8 CFR §274a.12(c)(9).  Therefore, the Plaintiff has been forced to apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of the Plaintiff to continually insure her work eligibility.

(b)    The Plaintiff has further been damaged by simply being deprived of the status of lawful permanent resident during the interminable pendency of her application.  Plaintiff has also been unable to plan or pursue a future course of action in the United States due to the pendency of her application.

(c)    The Plaintiff has also experienced tension in her life due to the uncertainty and anxiety

COMPLAINT                                        6

stemming from the pendency of her application.

33.     The Plaintiff has made numerous status inquires in an attempt to secure adjudication of her application, all to no avail.  Accordingly, the Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

PRAYER

34.     WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a)     requiring Defendants Chertoff, Gonzalez, and Melville to adjudicate Plaintiff's application for adjustment of status;

    (b)     requiring Defendant Mueller to complete its investigation and issue the results of the security check, or show the Court reasonable cause why the security check cannot be issued;

    (c)     awarding Plaintiff reasonable attorney's fees under the Equal Access to Justice Act; and granting such further relief at law and in equity as justice may require.

Dated: _____

                                             _____/s/_____
                                             Edward R. Litwin
                                             Attorney for Plaintiff

COMPLAINT                                    7